IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID CRAWFORD, d/b/a ) | |
| MODEL TEES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0645-WS-B |
| ) | |
| SURF STYLE RETAIL MANAGEMENT, ) | |
| INC., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

    This matter is before the Court on plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (doc. 2), which was filed without notice to defendants at 12:34 p.m. this afternoon.

**I.    Background.**

    In his Complaint, plaintiff David Crawford ("Crawford") brings claims for trademark infringement and counterfeiting, false designation of origin and false advertising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, as well as common-law causes of action for trademark infringement, unfair competition, and unjust enrichment, against 19 named defendants. These defendants consist of Surf Style Retail Management, Inc. ("Surf Style"), various affiliated Surf Style entities, five particular Surf Style retail stores, individual Surf Style officers, and even Surf Style cashiers (identified by their first names only) who are alleged to have sold infringing products to Crawford's counsel last month.

    Crawford alleges that he owns and operates a graphic arts business in Center, Alabama, called Model Tees. (Complaint, ¶ 4.) Crawford contends that in May 2002 he obtained from the United States Patent and Trademark Office a trademark, Registration Number 2,571,405, for the mark, "Crustacean Celebration," which he places on t-shirts for sale during the annual Shrimp Festival in Gulf Shores, Alabama. (*Id.*, ¶ 24.) Crawford further alleges that he is a permitted,

authorized vendor for the 36th annual National Gulf Shores Shrimp Festival, which is slated for October 11-14, 2007, where he will "assemble[] his trademarked product for sale." (*Id.*, ¶ 27.) According to the Complaint, Crawford became aware in 2005 or earlier that Surf Style retail shops in Gulf Shores and Orange Beach were selling t-shirts bearing his "Crustacean Celebration" trademarked phrase without his authority or permission. (*Id.*, ¶¶ 28, 30.) The Complaint further alleges that Crawford sent cease-and-desist letters to Surf Style agents back on October 7, 2005, demanding that they halt production, manufacturing and distribution of the infringing products, but that defendants ignored his demands and continued to use the mark. (*Id.*, ¶¶ 29, 31.)

The Complaint does not specify what, if anything, happened between October 2005 and August 2007 or what steps Crawford may have taken to protect his rights during that prolonged gap, in which he knew that defendants were allegedly selling products that infringed on his trademark. Following nearly two years of apparent inaction, the Complaint alleges that on August 24, 2007, Crawford's counsel visited multiple Surf Style retail shops and purchased "Crustacean Celebration" t-shirts from each of them, noting each cashier's first name during the process so that all of those individuals could be named as defendants herein. (Complaint, ¶ 32.) Today, fully three weeks after that shopping excursion, plaintiff filed his Complaint (doc. 1), his Motion for Preliminary Injunction and Temporary Restraining Order (doc. 2), and his Rule 65 Affidavit of Plaintiff's Counsel (doc. 3). The Motion requests that the Court issue a temporary restraining order and preliminarily enjoin all 19 defendants, and each of their officers, directors, agents, servants, employees, and the like, from, *inter alia*, using the "Crustacean Celebration" mark. (Doc. 2, at 2.)

**II.     Analysis.**

Upon careful review of plaintiff's filings, the Court concludes that the Motion is due to be denied for two independent reasons.

First, nothing in plaintiff's filings suggests that he has given any notice of his filing of the Complaint and application for TRO to Surf Style or any of the other 18 defendants. There is no Certificate of Service appended to the Motion or the Rule 65 Affidavit, and neither document references any attempt that plaintiff's counsel has made to notify defendants of these proceedings. Plaintiff's *ex parte* Motion is governed by Rule 65(b), Fed.R.Civ.P., which

provides, in pertinent part, as follows: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*; and (B) the movant's attorney certifies in writing any efforts made to give notice and *the reasons why it should not be required*." Rule 65(b)(1), Fed.R.Civ.P. (emphasis added). Plaintiff's filings comport with neither of these prerequisites. There is no reason to believe from Crawford's submissions that he will sustain irreparable harm before Surf Style can be heard in opposition to his request for TRO. To the contrary, Crawford became aware of the alleged infringing acts back in 2005. He has knowingly endured these alleged infringements for almost two years, and is only now initiating legal action. He has provided no specific facts reflecting that the risk of immediate harm to him in the next few days is so great that this Court should grant the extraordinary remedy of issuing a TRO restraining Surf Style and 18 other defendants, without affording any of them an opportunity to defend against the Motion. Moreover, plaintiff's counsel's affidavit lacks the requisite certification of any reasons why notice to defendants of the request for TRO should not be required in this case.

Second, even if Crawford had made the requisite showing under Rule 65(b)(1), his request would still properly be denied. To be eligible for temporary restraining or preliminary injunctive relief under Rule 65, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). The second of these elements is of particular interest here. The Eleventh Circuit has emphasized that "[a] showing of irreparable injury is the *sine qua non* of injunctive relief" and that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be

available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *United States v. Jefferson County*, 720 F.2d 1511, 1520 (11th Cir. 1983).[1] Simply put, "economic losses alone do not justify a preliminary injunction." *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 970 (11th Cir. 2005).

Crawford's Motion is silent as to irreparable harm, and the Rule 65 Affidavit of counsel merely states that "serious financial harm will result if he is denied the opportunity to sell his registered product with the Defendants's offending products being sold at the same time and place." (Doc. 3, at 2-3.) On its face, then, plaintiff's request for entry of a TRO and preliminary injunction is animated exclusively by a desire to avoid economic losses in the form of lost t-shirt sales at next month's Shrimp Festival. Pursuant to the decisional authority cited herein, such a showing is insufficient as a matter of law to satisfy plaintiff's burden of demonstrating irreparable harm, both with respect to his request for TRO and his request for entry of preliminary injunction. Plaintiff has a clear remedy at law for the harms about which he complains, and has made no showing why an award of monetary damages after trial will not be adequate to remediate the solely economic losses that he fears he will sustain by virtue of defendants' allegedly infringing conduct.

---

[1] *See also Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1286 (11th Cir. 1990) (concluding that plaintiff had failed to demonstrate irreparable injury entitling it to preliminary injunction where it was unclear that injured persons could not obtain adequate relief by money damages following full trial); *In re Aimster Copyright Litigation*, 334 F.3d 643, 655 (7th Cir. 2003) ("The only harm that is relevant to the decision to grant a preliminary injunction is irreparable harm, since if it is reparable by an award of damages at the end of trial there is no need for preliminary relief."); *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 579 (6th Cir. 2002) ("The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages"); *Bill Salter Advertising, Inc. v. City of Brewton, Ala.*, 486 F. Supp.2d 1314, 1329 (S.D. Ala. 2007) (recognizing that availability of adequate compensatory relief after trial militates heavily against irreparable harm finding); *Faculty Senate of Florida Int'l University v. Winn*, 477 F. Supp.2d 1198, 1208 (S.D. Fla. 2007) ("Irreparable harm is injury for which a monetary award cannot be adequate compensation.") (citation omitted).

**III.     Conclusion.**

For the foregoing reasons, plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (doc. 2) is **denied**.

DONE and ORDERED this 14th day of September, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
